[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 462.]

BOARD OF EDUCATION OF THE VANDALIA-BUTLER CITY SCHOOL DISTRICT, APPELLANT, *v.* MONTGOMERY COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Vandalia-Butler City School Dist. Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 2002-Ohio-2489.]

*Taxation—Real property valuation—Landlord and tenant cannot file separate complaints against same property during same interim period under R.C. 5715.19(A)(2).*

(Nos. 2001-0948 and 2001-0949—Submitted March 12, 2002—Decided June 12, 2002.)

APPEALS from the Board of Tax Appeals, Nos. 98-M-1013 and 98-M-1014.

_____

{¶1} The judgment of this court in case No. 2001-0948 is limited to addressing appellant's Proposition of Law No. 4, which states:

{¶2} "A landlord and a tenant cannot file separate complaints against same property during the same interim period under R.C. 5715.19(A)(2)."

{¶3} The decision of the Board of Tax Appeals in case No. 2001-0948 is reversed on the authority of R.C. 5715.19(A)(2).

{¶4} The judgment of this court in case No. 2001-0949 is limited to addressing appellant's Proposition of Law No. 2, which states:

{¶5} "A landlord and a tenant cannot file separate complaints against same property during the same interim period under R.C. 5715.19(A)(2)."

{¶6} The decision of the Board of Tax Appeals in case No. 2001-0949 is reversed on the authority of R.C. 5715.19(A)(2).

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., concurs in part and dissents in part.

———————————

**PFEIFER, J., concurring in part and dissenting in part.**

**{¶7}** I concur with the majority's implicit determination that R.C. 5715.19(A)(1) requires complaints to be brought in the name of the owner. However, I strongly disagree with the majority's implicit conclusion that this case amounts to multiple appeals within the statutory time period. When one large parcel is divided into many distinct plots, the right to appeal should be determined by plot, not by the parcel as a whole. To do otherwise is grossly unfair to the actual users because of the multiple uses to which the land is put. Accordingly, I concur in part and dissent in part.

———————————

Rich, Crites & Wesp, Jeffrey A. Rich and Mark H. Gillis, for appellant in case Nos. 2001-0948 and 2001-0949.

Sebaly, Shillito & Dryer, L.P.A., Martin A. Beyer and Lynn Bruckelmeyer, for appellees Dayton Airport Inn and Kittyhawk Corp., in case No. 2001-0948.

Froelich & Weprin Co., L.P.A., and Gary L. Froelich, for appellee Carroll Building Co., LLC, in case No. 2001-0949.

———————————